RECEIVED
10/4/26
KELLY L. STEPHENS, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JANE DOE,
Plaintiff-Appellant,

v. **Case No. 26-1839**
Case No. 5:08-cv-10729
Appeals: 09-2369, 10-2020, 23-1080

FORD MOTOR COMPANY
WellPoint Unicare BCBS Anthem
The Northern Trust
Defendants-Appellees.

# PLAINTIFF-APPELLANT JANE DOE'S EMERGENCY MOTION TO CORRECT AND PRESERVE THE FILING DATE OF NOTICE OF APPEAL (197) AND WAIVER (198); TO CORRECT THE DOCKET (198); TO SEAL, STRIKE, AND REMOVE PROTECTED ADDRESS AND IDENTIFYING PROTECTED INFORMATION (187), FOR TEMPORARY RESTRAINING ORDER ORDER AND PRELIMINARY INJUNCTIVE RELIEF; FOR PROTECTIVE ORDER; AND FOR DISQUALIFICATION OF DEFENSE COUNSEL

Plaintiff-Appellant Jane Doe, proceeding pro se, a disabled domestic violence and abuse survivor, respectfully moves

this Court for an immediate order maintaining Seal (Case: 5:08-cv-10729-MAG-KGA (187), the confidentiality of her protected identity and address, permitting her to continue to proceeding publicly as Jane Doe, preventing further public disclosure of information already maintained under seal in the district court, and restricting any court-generated document that publicly discloses such protected information and A Temporary Restraining Order and Injunctive Relief Protections and Disqualification of Kienbaum Hardy Visviano Pelton Forrest, and immediate removal / redaction of recent publication of Plaintiff-Apeallant's protected information.

This motion concerns preservation of Plaintiff-Appellant's existing protections and access to appellate review. It does not waive, abandon, or alter Plaintiff-Appellant's previously and timely submitted Notice of Appeal.

I. PROTECTED INFORMATION IS ALREADY OF RECORD UNDER SEAL (187).

Plaintiff-Appellant's true identifying information and protected address are of record at the United States District Court under seal at Docket Nos. 186 and (187) and United States Court of Appeals for the Sixth Circuit.

Plaintiff-Appellant therefore is not refusing to provide identifying information to the federal judiciary.

Plaintiff-Appellant seeks Emergency Relief to Seal, Restrict, Strike, and Remove Plaintiff-Appellant's Address, Signature. Medical, Social Security and Medicare, Employment and All Identifying Information and Confidential and Protected or otherwise Identifiable Information from Public Access" and Proceed as "Jane Doe". The judiciary alread possesses Plaintiff-Appeallant's address under Seal (187).

FRCP 5.2, FRAP 25(a)(5), and the court's inherent protective authorities are critical.

Plaintiff-Appellant's Identifiable Protected information is already provided under seal (187) and must not be unnecessarily placed into a public appellate filing or public docket entry, thereby defeating the protection for which sealing and pseudonymous treatment were sought. Becker v Montgomery, 532 U.S. 757 (2001). Plaintiff-Appellant's identifying signature and address are Sealed and of Record (187) - 23-1080.

Plaintiff-Appellant expressly incorporates and preserves the protections associated with Docket Nos. (186) and (187) without reproducing the confidential information contained in those filings on the public docket.

II. PLAINTIFF-APPELLANT SUBMITTED A TIMELY NOTICE OF APPEAL - **Exhibit A, B September 10, 11, 2026,** and finally to the Court of Appeals for the Sixth Circuit where the "Appeal - Vacatur Docketed by the Appeals

Clerks as: Case: 5:08-10729-MAG-KGA (196) And Waiver Case: 5:08-10729-MAG-KGA(197) after the Eastern District of Michigan Federal Court refused to docket Plaintiff-Appellant timely submitted Notice of Appeal and Waiver Septemeber 10, 2026, and on September 11, 2026.

The filings were submitted through the prose upload on September 10, & 11, 2026, as demonstrated by **Exhibit [A]**. The Notice identified Plaintiff-Appellant publicly as Jane Doe and did not publicly reproduce information already protected and under seal (187) supplied to the District Court. The Prose clerks, administrators knew the identity and requirements of protected prose domestic violence litigants and had the knowlege of the Sealed (187) protected information.

Plaintiff-Appellant was non-the-less refused docketing of her Appeal and Waiver regardless of Seal (187) and contrary to requirements to docket the timely filing accorance with FRCP.

The timely Appeal Notice and Waiver was subsequently rejected/refused on numerous times, Attached Below in ExHibits A, B, C with Plaintiff-Appellant being instructed to provide protected information under seal in Docket (187). Plaintiff- Appellant's address and signature are under Seal in (186), (187).

Plaintiff-Appellant respectfully maintains that compliance with procedural filing requirements did not require unnecessary public disclosure of confidential identifying information already maintained by the federal court under seal now made public record.

Nothing in this motion should be construed as conceding that a subsequent resubmission, by the Appeals Court, constitutes the operative of Plaintiff-Appellant's protected information nor change the filing date of the appeal from September 10, 2026.

Plaintiff-Appellant expressly preserves and relies upon the original timely  submission date of September 10 & 11, 2026. The Appeal due date.

III. APPELLATE PRIVACY PROTECTIONS
Federal Rule of Appellate Procedure 25(a)(5) provides that an appeal in a case governed by Federal Rule of Civil Procedure 5.2 is governed by the same privacy rule on appeal and the (187) Sealed protections.

IV.  Plaintiff seeks immediate removal and redaction of her identifiable information from all public forums and to proceed as "Jane Doe"

V. Plaintiff-Appellant seeks immedaate disqualification of and Temporary Restaining Order "TRO" And Preliminary Injunction.

Plaintiff-Appeallant was disabled - Permanent and Total and Vested - Approved For Salaried Disability Retirement The Northern Trust 103-12 The General Retirement Plan EIN: 38-0549190 Plan Code 002 April 28, 2008, Backdated February 1, 2008.

October 7, 2008, - "already disabled retired" - 2020, 59/74 - ERISA Interference. Protrctive Order Transcripts and Hearing. Defense counsel then altered Plsintiff-Appeallsnt's vested approved General Retirement Plan Account, violating ERISA.

Disqualification:

1. Test: Dana Corp.

2. Attorney Conduct LR 83.22

- MRPC 1.7 - Conflicts of Interest
- MRPC - Duties to Former Clients - Relevent list and relationships
- MRPC - 1.10 - Imputation of Conflicts
- MRPC - 3.1 - Meritorious Claims and Contentions
- MRPC 3.3 - Candor Toward the Tribunal
- MRPC 3.4 - Fairness to Opposing Party and Counsel
- MRPC 4.1 - Truthfulness in Statements
- MRPC - 4.4 - Respect for the Rights of Third Person
- MRPC - 8.4 - Misconduct

Ed Mich LR 83.20 and 83.22 - Federal professional-conduct and disciplinary

• The Federal court's inherent authority, where properly supported misconduct warrents sanctions.
• FRCP 11 - Conduct/Documents actually within Rule 11 - after observing its procedural requirements, including the separate-motion/safe-harbor provision where applicable.

• 28 USC 1927, if an attorney has unreasonably and vexatiously multipled federal proceeding and the Sixth Circuit standard is satsified

a. ERISA 510 - Intentional Interference with protected benefit right. Actions were taken specifically to prevent acquisition or exercise of ERISA right.

b. ERISA 502(a)(3) - Equitable relief against an appropriate defendant. support injunction, restitution or other traditionally equitable remedies: Harris Trust confirms that nonfiduciary status does not automatically insulate every degendant.

c. Knowing participation in an ERISA prohibited transaction, if there was a 406 transaction and the firm meets the applicable requirements. Harris Trust discusses liability where the nonfiduciary had actual or constructive knowlege if the circumstances making the transaction unlawful.

d. Legislative misconduct, sanctions, contempt, abuse of power, fraud on the court, or professional-discipline violations occurring within and outside court proceedings.

e. Breach of fiduciary duty/co-fiduciary liability, conflicts of interests, inter-relationships, board appointments and nepotism - Abuse of Power and Access. 502(a)(1) (pintentional interference with qualified vested rights approved.

Plaintiff-Appellant therefore requests that confidential information already protected in the district-court record remain protected during appellate proceedings. Plaintiff-Appellant further requests that the Court permit the public docket and public filings to identify her as Jane Doe, while the Clerk maintains the necessary identifying information through the protected/sealed record already provided to the judiciary.

## VI.DISCLOSURE WOULD DEFEAT THE PURPOSE OF

## THE EXISTING PROTECTION

Requiring Plaintiff-Appellant to reproduce confidential identity or address information publicly would defeat the purpose of maintaining that information under seal. Plaintiff-Appellant is not seeking anonymity from the Court.

She seeks protection from public disclosure while allowing the judiciary to retain the identifying information necessary for administration of the case.

## VII. REQUEST FOR IMMEDIATE RESTRICTION OF ANY PUBLICLY DISCLOSED PROTECTED INFORMATION

To the extent any court-generated filing, docket entry, order, deficiency notice, Rule 11-related document, or other publicly accessible material has reproduced Plaintiff-Appellant's protected name, protected or secondary subsequent future address, mailing address, or other protected identifying information, Plaintiff-Appellant requests immediate temporary restriction of public access pending final determination of this motion. Plaintiff-Appellant further requests preservation of the original document and associated docket/audit information under restricted access. Plaintiff-Appellant does not request destruction of evidence concerning any prior disclosure.

## VIII. REQUESTED RELIEF

WHEREFORE, Plaintiff-Appellant respectfully requests that this Court:

A. Recognize Plaintiff-Appellant publicly as Jane Doe;
B. Maintain the confidentiality of Plaintiff-Appellant's true identity and protected address;

C. Recognize that the confidential identifying information has already been supplied to the federal judiciary under seal at District Court Docket Nos. 186 and 187;
D. Prohibit unnecessary public reproduction of that protected information;
E. Immediately restrict public access to any court-generated filing or docket material containing Plaintiff-Appellant's protected identity or address pending further order;
F. Preserve the original version of any such document, together with associated docket and audit information, under restricted access;
G. Direct that Plaintiff-Appellant may satisfy any legitimate requirement for confidential identifying information by reference to or confidential submission associated with the existing sealed record rather than public disclosure;
H. Order that Plaintiff-Appellant's protection of her confidential information shall not constitute grounds for rejecting, striking, refusing, or delaying her Notice of Appeal;
I. Preserve Plaintiff-Appellant's original timely appellate filing date of September 10, 2026; and
J. Grant a TRO restraining KHVPF and Disqualifying the lawfirm for actions brought within.
Grant such additional protective relief as the Court determines necessary to preserve meaningful appellate access without public disclosure of Plaintiff-Appellant's protected information.

Respectfully submitted,
JANE DOE
Plaintiff-Appellant, Pro Se Disabled / VAWA MCL 780.851
True identifying and contact information maintained under seal at District Court Docket Nos. 186 and 187.
Date: _October 3, 2026

**EXHIBIT A -**

**From:** Julie Owens <Julie_Owens@mied.uscourts.gov>
**Date:** September 16, 2026 at 16:17:21 EDT
**To:** Redacted - Sealed (187)
**Subject: RE: Case: 5:08-10729 4th Attempt Pro Se Document Submission**

Dear Doe,

Pursuant to Federal Rules of Civil Procedure Rule 11 and EDM Local Rule 5.1 all documents submitted to the court for filing must contain your signature and contact information. Please resubmit your documents with your contact information using one of the methods below:

- Pro Se Upload Program
- By Mail
- In person in a Clerk's Office in Detroit, Flint or Bay City

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

- Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

**LR 5.1: Filing of Papers**

1. Papers presented for filing must comply with the following:
    1. **Required Information.**

**Papers must include:**

1. the name of the court,
2. the title and number of the case,
3. the name or nature of the paper in sufficient detail for identification,
4. the name of the district judge and magistrate judge to whom the case is assigned, and
5. the following contact information:
    1. For an attorney: Name, office address, e-mail address, telephone number, and state bar identification number.
    2. For a party without counsel: Name, address, e-mail address, and telephone number.

Sincerely,

Julie Owens

Operations Supervisor
U.S. District Court
Eastern District of Michigan
(313) 234-5041
julie_owens@mied.uscourts.gov

**From:** Redacted - Sealed
**Sent:** Tuesday, September 15, 2026 8:26 AM
**To:** Julie Owens <Julie_Owens@mied.uscourts.gov>
**Subject:** Fwd: Case: 5:08-10729 4th Attempt Pro Se Document Submission

**CAUTION - EXTERNAL:**

4th Attempt on Appeal (194)

Theodore Levin U.S. Court House
231 W. Lafayette Blvd., Room 599, Detroit, MI 48226
Chambers of The Honorable Chief Judge

ADA Coordinator
Ms. Julie Owen's

Case: 5:08-10729-MAG-KGA

confidential information under seal

United States

Dear ChiefJudge and Ms. Owens, attached are two timely filed documents refused for filing under L.R. 5.(1).

As you may recall, this procedural issue was remedied on docket filings (186), (187) where my VAWA and ACP MCL 780.851 and legal address was provided to the court in compliance with the L.R., FRCPs under 5, and state and federal domestic violence and abuse survivor and victims laws.

My (1) Appeal and (2) Motion for Waiver for fee; have been refused filing four times contrary to timely submission and protection laws. These documents were timely filed before the end of deadline to Appeal and receipt received from the ProSe Upload and filed in compliance rules.

Attached, please find the Appeal and Waiver for filing and ACP Protected Address -Sealed

Attached, please find:

(1) Plaintiff's Motion for Waiver of Filing Fee

**CAUTION - EXTERNAL EMAIL:** This email originated outside the

(2) Plaintiff Appeal
Docket Sheet Entry for reference of Sealed Redacted Alternative/ Sealed Address: VAWA/MCL 780.851

| | | | |
|---|---|---|---|
| 09/25/20 | 18 | | MOTION to Seal /Redact and for Alternative Service Address Information |
| 09/25/20 | 18 | | SEALED Notice of Confidential Address re186 MOTION to Seal by Kimberly |

Confidential Inforrmation:
Jane Doe ACP-23-1014
VAWA / AG-301 MCL 780.851
Address Protected and On File Dkt 186/187
Email: Redacted - Sealed (187)

**From:** MIEDdb_Efile_ProSe <Efile_ProSe@mied.uscourts.gov>
**Date:** September 14, 2026 at 10:59:58 PDT
**To:** Redacted - Sealed
**Subject: FW: Pro Se Document Submission**

Good afternoon,

The Court has received the attached documents for filing in case 08-10729. The documents cannot be filed because they do not comply with EDM LR 5.1(a), which states that documents

submitted for filing must contain the case caption, your name, address, email address, and telephone number. Please resubmit your documents with the required information as required by EDM LR 5.1(a)(1), which is attached.

Sincerely,
Clerk's Office
U.S. District Court
(313) 234-5000

THIS IS A NO REPLY EMAIL, CORRECTED DOCUMENTS MUST BE RE UPLOADED USING PRO SE DOCUMENT UPLOAD.

**From:** no-reply@mied.uscourts.gov <no-reply@mied.uscourts.gov>
**Sent:** Friday, September 11, 2026 9:24 PM
**To:** MIEDdb_Efile_ProSe <Efile_ProSe@mied.uscourts.gov>
**Subject:** Pro Se Document Submission

**Pro Se Document Submission**

- **Filer's Name:** Jane Doe
- **Filer's Email: Redacted - Sealed (187)**
- **Filer's Phone: redacted**
- **Case Number:** 08-10729
- **Filer's Signature:** S/ Jane Doe MCL 780.851
- **Files Uploaded:**
    - PlaintiffNoticeOfAppeal195

**<u>EXHIBIT B</u> - CONFIRMATION RECEPT - PROSE UPLOAD - Plaintiff-Appellant's Notice of Appeal Vacatur 60(b), 60(d)(3)-(4) - Fraud on the Court (195),**

**Undependent Action - Correct The Record 194); with Sealed (187) Confidential Identity and Rule 11(a) Signature Verification of Plaintiff-Apllellant Jane-Doe" - Attachment - 1**

**From:** no-reply@mied.uscourts.gov
**Date:** September 10, 2026 at 18:47:41 EDT
**To:** redacted
**Subject: MIED Pro Se Document Submission Confirmation**

This is a text-only notification to confirm the receipt of your submission.

**EXHIBIT C - CONFIRMATION RECIEIPT - PROSE UPLOAD** - Plaintiff-Appellant's Motion for Leave To Proceed on Appeal in Forma Pauperis and Without Prepayments of Appellate Fees and with Domestic Violence and Abuse Protections, Identity, Address & Signature, Attachment - 2

**From:** no-reply@mied.uscourts.gov
**Date:** September 10, 2026 at 18:44:28 EDT
**To:** redacted

**Subject: MIED Pro Se Document Submission Confirmation**

This is a text-only notification to confirm the receipt of your submission.

**CERTIFICATE OF SERVICE**

I certify that on October 4, 2026, I served a true and correct copy of the forgoing document to all parties entitied and not subject to disqulification, by U.S. Mail.

"PLAINTIFF-APPELLANT JANE DOE'S EMERGENCY MOTION TO CORRECT AND PRESERVE THE FILING DATE OF NOTICE OF APPEAL (197) AND WAIVER (198); TO CORRECT THE DOCKET (198); TO SEAL, STRIKE, AND REMOVE PROTECTED ADDRESS AND IDENTIFYING PROTECTED INFORMATION (187), FOR TEMPORARY RESTRAINING ORDER ORDER AND PRELIMINARY INJUNCTIVE RELIEF; FOR

PROTECTIVE ORDER; AND FOR DISQUALIFICATION OF DEFENSE COUNSEL"

Confidential Inforrmation:
Jane Doe ACP-23-1014
VAWA / AG-301 MCL 780.851
Address Protected and On File Dkt 186/187
Email: Redacted - Sealed (187)